# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ROMERO,<br><br>        Plaintiff,<br><br>   v.<br><br>TRAVIS CREDIT UNION,<br><br>        Defendant. | CIV- F-06-1106 AWI TAG<br><br>ORDER CLOSING THE CASE DUE TO AGREEMENT FOR DISMISSAL WITH PREJUDICE |

     This case was transferred into this district from the Southern District of Texas. Defendant filed an answer prior to transfer. On January 29, 2007, Plaintiff filed a request for dismissal of this case with prejudice, but the request was not signed by Defendant. The request is on a form utilized by California state courts. The requested dismissal was docketed on February 1, 2007.

     On January 31, 2007, Defendant filed a motion to dismiss for failing to obey court orders and for sanctions for failure to comply with court orders regarding discovery.

     On February 13, 2007, counsel for Defendant filed a declaration stating that Plaintiff has never returned any of phone calls or responded to any letters and did not inform Defendant that he was going to file the request for dismissal. Nevertheless, Defendant's declaration states that Defendant stipulates to entry of dismissal and requests that all dates and deadlines be vacated.

     Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a

1
2
3
>stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

4 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an
5 answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,
6 although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan
7 Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.
8 1986). Once the stipulation between the parties who have appeared is properly filed or made in
9 open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro.
10 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule
11 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
12 does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.
13 A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,
14 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,
15 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)
16 (addressing Rule 41(a)(1)(I) dismissals). "The plaintiff may dismiss some or all of the
17 defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal
18 "automatically terminates the action as to the defendants who are the subjects of the notice."
19 Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).
20       Because Defendant has now agreed to Plaintiff's requested dismissal of this case with
21 prejudice, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at
22 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt,
23 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

25       Therefore, IT IS HEREBY ORDERED that:
26 1.     The Clerk is ordered to close this case in light of the agreed dismissal of this case with

prejudice by the Plaintiff and Defendant;

2. All currently pending motions are denied as moot; and

3. All currently scheduled dates and deadlines are vacated.

IT IS SO ORDERED.

**Dated:   February 15, 2007**                              /s/ **Anthony W. Ishii**
0m8i78                                           UNITED STATES DISTRICT JUDGE

3